UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KOGANE, LLC,

                     Plaintiff,

vs.                                  CASE NO. 8:13-CV-409-T-17EAJ

CHARLENE LEWIS, AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF MARTHA LEE ALLEN AND
INDIVIDUALLY, ANTHONY REED,
CATHERINE GRANT, CHARLES
CANADY, JR.

                     Defendants.
_____/

DECREE OF FORECLOSURE AND ORDER OF SALE

Plaintiff filed a Second Amended Complaint [Doc 22] seeking to foreclose a mortgage and obtain possession of certain real property, and requests entry of this Order per its Motion for Final Default. [Doc 32].

Having considered the Motion and pertinent portions of the record, the Court finds that a hearing is not required and this Decree and Order is entered, finding as follows:

Pursuant to 28 U.S.C. § 1332 (a), the Court has diversity jurisdiction over this action between these parties.  The parties consent and agree that Plaintiff is a limited liability company whose member resides in and is a citizen of Maryland, which is a citizen of same for purposes of diversity jurisdiction.  The Defendants are individuals domiciled in and citizens of Florida or other states diverse from Plaintiff for purposes of diversity jurisdiction. The value of the real property and/or the debt forming the basis for this action is at least $75,000.00.

Case No. 8:13-CV-409-T-17EAJ

Under 28 U.S.C. § 1391 and § 89, venue is proper in the Court as to these parties, as is personal jurisdiction per Fla. Stat. Ann. § 48.193 and/or Fla. Stat. Ann. § 685.01 and 685.102 and/or the United States Constitution, as the Defendants reside in Florida and/or claim ownership or lien interests in the real property forming the basis for this action.

On 12/26/06, as a refinance of prior mortgages, Martha Allen executed and delivered a promissory note to Mortgage Electronic Registration Systems, [MERS] as nominee for Accredited Home Lenders for $114,00.00, for which the Property was secured as collateral per a mortgage [the "Instruments"] recorded on 1/23/07 at Polk County O.R. Book 7146, Page 1858, ultimately assigned to Plaintiff and currently in default for the unpaid principal balance of $113,881.63, with the last payment on 5/01/07, presently due for 6/1/07, interest from 5/1/07 to 9/3/13, at the rate of 8.375%, totaling $60,543.97, accrued late charges of $3,093.75 and other charges of $14,176.14, the balance of which has been accelerated and Plaintiff holds the senior interest in the property.

Per Count I of the Second Amended Complaint, Plaintiff has properly plead its case for foreclosure of the residential property in question, as the holder of the note and mortgage forming the basis for this action, which are in default. See Citibank v. Dalessio, 756 F. Supp.2d 1361 (M.D. Fla. 2010); and Citibank FSB v. Grant, 2007 U.S. Dist. LEXIS 98518 (S.D. Fla. 2007). Plaintiff is the assignee and holder of the Note and Mortgage, with standing to enforce these instruments, to which the decedent, Martha Lee Allen is in default of the payment obligations. Harmony Homes v. USA, 936 F. Supp. 907913; (M.D. Fla. 1996). Under Florida law, title to the Property vested in the Defendants, Ms. Allen's sole heirs upon her death, as set forth in her will. Orr v. Kenoff and Machtinger (In re Barber), 2006 Bankr. LEXIS 1972.

2

Case No. 8:13-CV-409-T-17EAJ

Per Count II of the Second Amended Complaint, Plaintiff or any purchaser at sale is entitled to possession of the Property, per an ancillary writ of possession. Redding v. Stockton, Whatley, Davin & Co., 488 So. 2d 548 (5th D.C.A. 1986).

Per Fed. R. Civ. P. 53, the Court appoints a special master to conduct the sale, namely the law firm of Lynn Cole, P.A. 301 West Platt St., Ste. 409, Tampa Florida 33606, telephone: 813-223-7009, email: lhc@lynncole.com, as ordered by the Court in another foreclosure.   Stearns Bank v. Farrell Homes, 2012 U.S. Dist. Lexis 12811(M.D. Fla. Feb. 2, 2012).   Accordingly, the motion is granted and it is ordered as follows:

1.      Under Florida law, Plaintiff holds a valid first position senior lien upon all property, rights to property, claim or estate of the Defendants against the Property and its improvements, buildings, fixtures, and appurtenances located within this District and Division, which is secured as collateral for Plaintiff's Note, per the Mortgage, including rents derived from the Property, more particularly described as follows:
LOT 3, BLOCK 3, ACCORDING TO PLAT OF FIRST UNIT, FAIR OAKS SUBDIVISION, AS RECORDED IN PLAT BOOK 34, PAGE 36, PUBLIC RECORDS OF POLK COUNTY, FLORIDA, LESS AND EXCEPT ROAD RIGHT-OF-WAY FOR STATE ROAD 60.

Address: 223 State Road 60E, Lake Wales, Florida 33853

2.      Plaintiff's lien is prior, paramount and superior to all rights, claims, liens, interests, encumbrances and equities of the Defendants and all persons, firms or corporations claiming by, through or under the Defendants or any of them and the Mortgage is foreclosed against the Property.

3.      Pursuant to 28 U.S.C. § 2001 et seq, the sale of the Property is made without right of redemption.

Case No. 8:13-CV-409-T-17EAJ

4.     Pursuant to Fed. R. Civ. P. 53, the Law Firm of Lynn Cole, P.A. is appointed as Special Master and is authorized and directed to offer and sell the Property, its improvements, buildings, fixtures, and appurtenances for public sale, at the Polk County Courthouse, at the usual hour and location for public sale, following complete publication of the advertisement, following notice of the public sale of the Property, to be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Polk County, Florida.

5.     Pursuant to 28 U.S.C. § 2001 et seq, the sale of the Property is made without right of redemption.

6.     Under 28 U.S.C. § 564 and 566, the Special Master is authorized to exercise the same powers in conducting the sale as any local official or party conducting foreclosure sales, in order to yield the best sale price of the Property through free, fair, and competitive bidding;

7.     At the time of sale, the successful bidder(s) shall be required to deposit with the Special Master a minimum of five percent (5%) of the deposit of the successful bid by cash, cashier's check or certified check, made payable to Plaintiff's counsel of record. Before being permitted to bid at sale, bidders shall present proof to the Special Master that they are able to comply with this requirement and otherwise will not be allowed to bid. Plaintiff may bid as a credit against the amount due on its Note and Mortgage without tender of cash.

8.     The balance of the purchase price for the Property shall be tendered by the successful bidder in the form of cash, cashier's check or certified check payable to Plaintiff's counsel of record, within ten (10) days following the date of sale. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of sale and the Property shall be re-offered for sale in

Case No. 8:13-CV-409-T-17EAJ

accordance with the above provisions or sold to the second highest bidder, at Plaintiff's discretion.

9.      If Plaintiff is the purchaser, the Special Master shall credit on Plaintiff's bid the total sums found to be due to Plaintiff, or such portion as may be deemed necessary to pay fully the bid of the Plaintiff. If not the purchaser at sale, then Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Special Master.

10.      Plaintiff may assign the judgment and/or credit bid by execution of and/or filing of an assignment prior to the issuance of an order confirming the sale of the Property, without further order of the Court.

11.      Per Fed. R. Civ. P. 70, upon motion following the sale, the Court shall then enter an order confirming the sale of the Property, conveying title to the Property to the purchaser at sale, which shall be filed and recorded in the local land registry office, with the same legal effect as a Certificate of Title per Fla. Stat. Ann. § 45.011 and 702.10 et seq.

12.      A successful third-party bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and land registry fees and like costs, as provided by law.

13.      Upon filing of the confirmation order, the sale proceeds shall be applied to Plaintiff's costs and disbursements of this action, to the expenses of sale, including documentary stamps affixed to the order if applicable, the total sum due to Plaintiff less the items paid, plus interest at the rate prescribed by state law from this date to the sale date.

Case No. 8:13-CV-409-T-17EAJ

14.     Plaintiff or any other purchaser at the foreclosure sale is granted possession of the Property, its improvements, fixtures and other contents, which all other parties, occupants and entities shall vacate following the sale, as directed by the U.S. Marshal and/or local law enforcement officers, who, along with his or her deputies and agents, are authorized and directed to take any and all action to remove any persons and their belongings from the Property. The Defendants, occupants of the Property, and all others shall vacate the Property at the direction of the U.S. Marshal and/or local law enforcement officers and shall not commit waste, damage or vandalism against the Property or do anything to impair its value, and violation of these conditions will be punishable by contempt of Court.

15.     Until the Property is sold and the successful bidder takes physical possession, the Defendants shall take all reasonable steps necessary to preserve the Property, in its current condition, including its buildings, improvements, fixtures and appurtenances including, without limitation, maintaining fire and casualty insurance policies on the Property and providing proof of insurance when requested by Plaintiff. The Defendants shall not commit waste, damage or vandalism against the Property or do anything to impair or reduce the value or marketability of the Property, including but not limited to recording any instruments, publishing any notice, or taking any other action that may tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the sale and shall not cause or permit anyone else to do so.

16.     If any person or entity occupying the Property fails or refuses to leave and vacate the Property by the time specified in this Judgment and Decree of Foreclosure and Order of Sale, the Plaintiff or other purchaser at sale is authorized to coordinate with the U.S. Marshal and/or local law enforcement or his or her deputies and agents to take all actions that are reasonably necessary to bring about the ejectment of those persons.

17. If any person fails or refuses to remove their personal property from the Property as

6

Case No. 8:13-CV-409-T-17EAJ

specified in this Decree of Foreclosure and Order of Sale, then any personal property remaining on the Property is deemed forfeited and abandoned; and Plaintiff or other purchaser at sale is authorized to remove the personal property and dispose of it in any manner it sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, with the balance being distributed as described within this Decree.

18.    The Court shall retain jurisdiction over this action for purposes of making any and all further orders and decrees as may be just and equitable including, without limitation, orders of distribution, orders permitting private sale and contempt.

    **DONE and ORDERED** in Chambers in Tampa, Florida, on this _6_ day of September, 2013.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

Lynn Cole, Esq.
Law Offices of Lynn Cole, P.A.
301 W. Platt St., Suite 409
Tampa, Florida 33606